UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GO MOBILE FLOORING, LLC,

    Plaintiff,

v.                                Case No: 8:20-cv-3098-CEH-JSS

BLUE BANYAN SOLUTIONS, INC.,

    Defendant.
_____

**ORDER**

    This cause comes before the Court on Defendant Blue Banyan Solutions, Inc.'s Motion to Re-Open Discovery (Doc. 68), and Plaintiff Go Mobile Flooring, LLC's Response in Opposition (Doc. 77). In the motion, Defendant seeks permission to reopen discovery following receipt of Plaintiff's supplemental damages disclosures.

    Upon review and consideration, the Court will grant the motion to the extent that discovery will be reopened. However, pursuant to 28 U.S.C. § 636, the issue of the scope of the reopened discovery is referred to Magistrate Judge Julie S. Sneed.

**DISCUSSION**

    In an Order dated March 23, 2023, the Court directed Plaintiff to provide amended Rule 26 disclosures that included a detailed computation of each category of damages it claimed, along with the evidentiary material on which the computations were based. Doc. 61 at 17. The Court permitted Defendant to "move to reopen discovery to the extent directly necessitated by Plaintiff's amended disclosures." *Id.* at

17-18. It also ordered Plaintiff to pay all expenses and fees incurred by Defendant in following up on the amended disclosures, provided the fees and costs were directly attributable to the amended disclosures. *Id.* at 18. The Court took these measures as a sanction for Plaintiff's inadequate damages disclosures, in lieu of exclusion. *Id.*[1]

Plaintiff complied with the Court's order and provided Defendant with amended damages disclosures and the underlying material on which they were based. *See* Doc. 68. Defendant has now moved to reopen discovery in light of the amended disclosures. *Id.* Defendant requests the opportunity to conduct additional written discovery, serve third party records subpoenas, and take an additional 16 depositions. *Id.* at 3-4. To justify the breadth of its requests, Defendant explains that the amended disclosures and accompanying materials were extensive and identified new parties and issues that were not previously disclosed. *Id.* at 5.

Plaintiff opposes Defendant's motion in part. Doc. 77. First, Plaintiff argues that the motion should be denied based on Defendant's repeated failure to comply with Local Rule 3.01(g). *Id.* at 3-6. On the merits, Plaintiff concedes that depositions of the two individuals directly involved in calculating damages are appropriate. *Id.* at 9. However, Plaintiff argues that the remainder of the proposed discovery is overbroad and exceeds what is "directly necessitated by" the amended disclosures. *Id.* at 6-9, citing Doc. 61 at 17-18.

---

[1] In choosing a sanction, the Court observed that Defendant did not demonstrate that it exercised diligence in requesting sufficient disclosures from Plaintiff or filing a motion to compel. *Id.* at 16-17, n.4.

2

The Court finds that additional discovery is appropriate in light of Plaintiff's amended disclosures. Therefore, the motion to reopen is due to be granted. The true dispute between the parties lies in the scope of the reopened discovery. The Court will refer the issue of scope to Magistrate Judge Sneed for resolution.

In addition, the Court declines to deny the motion to reopen because of Defendant's failure to comply with Local Rule 3.01(g). Defendant supplemented its inadequate 3.01(g) certification as directed by the Court, *see* Docs. 70, 75, and it is the strong preference of federal courts to resolve disputes on the merits. *See, e.g., Collier v. Geico General Ins. Co.*, No. 6:20-cv-1208, 2021 WL 3668351, *3 (M.D. Fla. July 26, 2021) ("[T]he law has a strong preference to resolve cases on their merits rather than on technicalities") (citations omitted); *Cedant v. U.S.*, No. 19-24877-Civ, 2021 WL 1062586, *2 (S.D. Fla. March 17, 2021) ("[I]n the Eleventh Circuit, there is a strong preference to resolve legal actions on their merits, rather than on procedural technicalities.") (citations omitted).

Nonetheless, the Court observes that it has warned both parties about their failure to comply with the Local Rules of the Middle District of Florida on more than one occasion. *See* Doc. 61 at 30; Docs. 67, 70, 72. Compliance with all requirements of the Local Rules is mandatory in this Court. As the Court previously emphasized, "[f]uture motions that do not comply with the rules will be subject to denial." Doc. 61 at 30. The parties are advised to ensure that their future filings fully comply with both the letter and the spirit of the Local Rules.

Accordingly, it is **ORDERED**:

1. Defendant Blue Banyan Solutions, Inc.'s Motion to Re-Open Discovery (Doc. 68) is **GRANTED**, to the extent that discovery shall be reopened.

2. The matter is **REFERRED** to Magistrate Judge Julie S. Sneed, who shall enter an order as to the appropriate scope of the reopened discovery.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties